UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-86(DSD/AJB)

Mark Hawanchak,

        Plaintiff,

v.                                                          **ORDER**

CenturyLink, Inc.,

        Defendant.

      Mark Hawanchak, 701 Covey Court, Northfield, MN 55057,
      pro se.

      Thomas J. Conley, Esq. 80 South Eighth Street, Suite 900,
      Minneapolis, MN 55402, counsel for defendant.


      This matter is before the court upon the motion to dismiss by defendant CenturyLink, Inc.  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

      This employment dispute arises from the termination of plaintiff Mark Hawanchak by CenturyLink.  Hawanchak filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 15, 2010.[1]  Conley Aff. Ex 2.  The EEOC did not find a violation and issued a right-to-sue letter on December 23, 2010.  Id. Ex. 3.  The right-to-sue letter informed Hawanchak that

---

[1] Hawanchak claims that he filed a charge of discrimination on February 20, 2000.  See Compl. ¶ 6.  He did not attach the charge to the complaint.  CenturyLink did attach the charge, and the date listed is March 15, 2010.  See Conley Aff. Ex. 2.  The court construes Hawanchak's date as a typographical error.

he had ninety days to file suit.  Id.  On January 10, 2012, Hawanchak filed a pro se complaint alleging discrimination under the American with Disabilities Act (ADA).

CenturyLink argues that the complaint was filed untimely, and moves to dismiss for lack of jurisdiction.  Hawanchak does not dispute that his complaint was untimely, but instead argues that the doctrine of equitable tolling excuses his late filing.[2] Specifically, Hawanchak argues that he submitted a request for reconsideration to the EEOC, and that they failed to provide a notice-of-reconsideration letter to preserve his ninety day right to sue.[3]

A plaintiff has ninety days from the receipt of an EEOC right-to-sue letter in which to commence an action.  See 42 U.S.C. § 2000e-5(f)(1).  This limitations period is subject to equitable tolling under "circumstances which were truly beyond the control of the plaintiff."  Hill v. John Chezik Imps., 869 F.2d 1122, 1124

_____

[2] Hawanchak also argues that the doctrine of equitable estoppel applies.  Equitable estoppel is applicable when "the employee's failure to file in a timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge."  Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir. 2002) (citation and internal quotation marks omitted).  Hawanchak raises no such allegations.  Therefore, this claim is without merit.

[3] Hawanchak's motion in opposition was filed seven days after oral argument.  Given Hawanchak's pro se status, the court excuses the untimeliness of this filing.  See Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008) (excusing pro se plaintiff's failure to comply with discovery deadline in ADA action).

(8th Cir. 1989).   Hawanchak argues that equitable tolling should apply because the EEOC never issued an intent-to-reconsider notice pursuant to 29 C.F.R. § 1601.21(d).   Assuming for purposes of this motion that a request for reconsideration was properly submitted, Hawanchak still was on notice that he had ninety days to file suit. In no way did his alleged request for reconsideration and the EEOC's subsequent failure to issue a reconsideration notice preclude him from filing suit.   Therefore, dismissal of Hawanchak's claim is warranted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [ECF No. 5] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 30, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court